UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL L. ST. GERMAIN, et al.,

        Plaintiffs,

v.                         CASE No. 8:10-CV-1194-T-27TGW

HILLSBOROUGH COUNTY
SHERIFF DAVID GEE,
DEPUTY SHERIFF SHANTE DAVIS,
FLORIDA DEP'T OF CHILDREN
AND FAMILIES,
HILLSBOROUGH KIDS INC.,
and LISA BAKER

        Defendants.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the plaintiff's Motion to Proceed In Forma Pauperis Pursuant to 28 U.S.C. § 1915 (Doc. 21). The complaint (Doc. 12) alleges civil rights violations in connection with a state custody proceeding. Specifically, the plaintiff alleges that his child was wrongly removed from his custody based upon a deputy sheriff's false affidavit that his wife drove while intoxicated with their child in the vehicle.

Because the complaint essentially challenges a state court's custody decision, the lawsuit is barred for lack of subject matter jurisdiction under the <u>Rooker-Feldman</u> doctrine. Alternatively, if the state custody proceeding is ongoing, abstention is warranted pursuant to <u>Younger</u> v. <u>Harris</u>, 401 U.S. 37 (1971). I therefore recommend that the plaintiff's complaint (Doc. 12) be dismissed.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. The plaintiff's submissions sufficiently establish that he is financially unable to pay the filing fee (<u>see</u> Doc. 18, p. 10; Doc. 21-1, pp. 1-2). However, since the plaintiff is a prisoner, he is required to pay the full filing fee, albeit on an installment basis. 28 U.S.C. 1915(b). Moreover, even if the plaintiff proves indigency, the case shall be dismissed if the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii); 1915A.

A.   It is alleged in the complaint that, on January 24, 2009, Hillsborough County sheriff deputies responded to a telephone call regarding a woman who was wandering around a neighbor's driveway with a small child (Doc. 12, p. 6).[1] The woman was Sherry N. St. Germain, the plaintiff's wife. She was allegedly found standing in a driveway, disoriented, with their three-and-one-half year old child, C.S. (id., p. 5).

The plaintiff asserts that the incident was falsely reported by Hillsborough County deputy sheriff Shante Davis (id.), purportedly due to a policy of Sheriff David Gee to make up and lie about people, places, and things (id., p. 16). Thus, the plaintiff alleges that Davis averred falsely that, on January 24, 2009, Sherry St. Germain drove under the influence of alcohol, veered off the road into a wooden area, and was found by police passed out behind the wheel of a van with C.S. crying, dirty, and hungry, in the back of the vehicle (id., p. 5). The plaintiff, who was not present during the incident, argues that his wife had not been driving drunk (id., pp. 6-7, 9).

---

[1] The page numbers correspond to those assigned by the CM/ECF system, not the plaintiff's pagination.

The plaintiff states that this custody matter was the subject of In re: Minor Child C.S., before the Florida state court in the Thirteenth Judicial Circuit (id., p. 4). He asserts that, based upon Davis's affidavit, the child was removed from the custody of both parents (id., p. 5; see also pp. 8, 9, 15, 18).

The plaintiff alleges that he was reunited with C.S. in December 2009 (id., p. 12). However, the plaintiff is presently incarcerated in a Massachusetts jail, which is purportedly related to outstanding warrants from a 1992 probation violation (see id., pp. 14-15). In addition to monetary damages (id., pp. 17, 18, 19, 20), the plaintiff requests this court to "secure his parental rights ... upon release" from prison and order that C.S. be placed in the custody of the child's mother or aunt pending his release from jail (id., p. 15).

B. The complaint alleges under 42 U.S.C. 1983 constitutional violations in connection with the state dependency proceedings that resulted in the removal of C.S. from his custody. It is a rambling, disjointed narrative that fails to comply with the Federal Rules of Civil Procedure. See Rules 8(a), 10(b), F.R.Civ.P.

-4-

The first count, against Sheriff Gee, alleges that the Sheriff (Doc.

12, p. 16)(emphasis and grammatical errors in original):

> [has a] "LAZY" policy of...haveing little to no communication and the I don't care about facts; thereby failing to investigate or reasonabley inquire through inter deparments of family or child protective services; as to MAKE UP and LIE about people, places and things....

Count two of the complaint is asserted against deputy sheriff Davis for

allegedly stating falsely under oath that Sherry St. Germain drove while

intoxicated with their child in the vehicle (id., p. 18). Counts three and four

of the complaint are asserted against the Florida Department of Children and

Families, and Hillsborough Kids, Inc., for perpetuating Davis's alleged false

statements in C.S.'s custody proceedings (see id., pp. 19-20).

These claims all pertain directly to the merits of the underlying

custody dispute. It is unclear whether the state court proceedings are

completed (see id., p. 4). If a final custody decision was made by the state

court, the Rooker-Feldman doctrine precludes the court's consideration of all

counts of the complaint. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,

544 U.S. 280 (2005). On the other hand, if the state court proceedings

continue, the <u>Younger</u> abstention doctrine dictates that the federal court

abstain from exercising jurisdiction over this child custody matter.

   As the Eleventh Circuit recently summarized in <u>Cormier</u> v.

<u>Horkan</u>, 2010 WL 3705973 at *1 (11th Cir. 2010)(unpub. dec.)(citations

omitted):

> "The <u>Rooker-Feldman</u> doctrine places limits on the
> subject-matter jurisdiction of federal district courts
> and courts of appeal over certain matters related to
> previous state court litigation...." Under the
> <u>Rooker-Feldman</u> doctrine, federal district courts
> cannot review final state court judgments because
> "that task is reserved for state appellate courts or,
> as a last resort, the United States Supreme Court."
> ... [T]he <u>Rooker-Feldman</u> doctrine is ... confined to
> cases of the kind from which the doctrine acquired
> its name: cases brought by state-court losers
> complaining of injuries caused by state-court
> judgments rendered before the district court
> proceedings commenced and inviting district court
> review and rejection of those judgments.

   In order to determine whether a complaint falls under the

<u>Rooker-Feldman</u> doctrine, it first must be "determine[d] whether the state

court rendered judgment before the district court proceedings commenced."

<u>Id</u>. at *2. According to the complaint, the custody proceedings commenced

in January 2009, and the state court subsequently removed C.S. from her

parents' custody. That is the decision challenged here, and, seemingly, those proceedings concluded prior to the filing of this suit.

Next, it must be determined "whether a plaintiff is a state-court loser who is complaining of injuries caused by state-court judgments." Id. In this connection, the court "evaluat[es] whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment." Id. "A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

In Goodman ex rel. Goodman, the Eleventh Circuit held that alleged constitutional violations related to a child custody proceeding that were based on the purported falsity of a caseworker's affidavit were barred under the Rooker-Feldman doctrine. In Goodman ex rel. Goodman, the plaintiff alleged that a caseworker for the Department of Family and Children Services filed a false affidavit in support of removing a child from his mother's custody. Id. at 1330. The Eleventh Circuit held that it lacked subject matter jurisdiction to consider this claim, explaining that the

plaintiff's allegation that the caseworker executed a false affidavit "strike[s] at the heart of the state court's proceedings and judgment[] because the state court decided to take away [the parent's] custody of [the child] only after finding [the caseworker's] affidavit to be credible." Id. at 1334.

In this case, the plaintiff contends that deputy sheriff Davis's purportedly false affidavit was the basis of the state court's decision to remove C.S. from her parents. Therefore, any adjudication by this court regarding the truth or falsity of Davis's statement that Sherry St. Germain drove their child in a vehicle while intoxicated would call into question the correctness of the state court's orders. Therefore, all counts of the complaint are barred under the Rooker-Feldman doctrine because the claim, as presented by the plaintiff, is one of a "state-court loser[]... complaining of injuries caused by [a] state-court judgment[]." Cormier v. Horkan, supra; see Goodman ex rel. Goodman v. Sipos, supra, 259 F.3d at 1327.

Alternatively, if the state court custody proceedings are ongoing, the Younger doctrine dictates that this court abstain from exercising jurisdiction over this custody dispute. In Younger v. Harris, supra, the Supreme Court held that a federal court should not act to restrain an ongoing

state court criminal prosecution. That principle is "fully applicable to non-criminal judicial proceedings when important state interests are involved." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

Child custody is one such important state interest. See Moore v. Sims, 442 U.S. 415, 435 (1979); Liedel v. The Juvenile Court of Madison County, Ala., 891 F.2d 1542, 1546 (11th Cir. 1990). Thus, it is well-established that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)(quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). Accordingly, federal courts lack jurisdiction to determine issues of child custody. Id.; see also Staley v. Ledbetter, 837 F.2d 1016, 1017-18 (11th Cir. 1988)(a request for reinstatement of parental custody "in essence sought to reverse a state court's child custody determination" and the "federal courts are not a forum for appealing state court decisions"). In Florida, child dependency decisions are

made by the state circuit courts. Fla. Stat., §39.013(2).[2]  Therefore, under

Younger, "federal district courts may not interfere with ongoing child custody

proceedings." Liedel v. The Juvenile Court of Madison County, Ala., supra,

891 F.2d at 1546.[3]

In sum, even construing the plaintiff's complaint liberally,

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the

plaintiff's complaint is procedurally deficient and fails to state a claim over

which this court should exercise jurisdiction.  Accordingly, the complaint

(Doc. 12) should be dismissed.   28 U.S.C. 1915(e)(2)(B)(ii), 1915A;

Thompson v. Adamson, 247 Fed. Appx. 178, 179 (11th Cir. 2007)(unpub.

dec.)(citing Neitzke v. Williams, 490 U.S. 319, 324-25 (1989)("federal courts

---

[2]In Florida, the Department of Children and Family Services is responsible for children who have become dependents of the State. See Fla. Stat., §39.401.

[3]The plaintiff has not alleged that the state court did not  provide an opportunity to raise federal constitutional questions (assuming he has even asserted any). See Goodman ex rel. Goodman v. Sipos, supra, 259 F.3d at 1334. Florida law permits constitutional challenges to orders of the dependency court to be brought in the dependency court, and those challenges are subject to review by the Florida District Courts of Appeal. See Comstock v. Hooban, 2008 WL 384483 at *3 (N.D. Fla. 2008)(unpub. dec.); see, e.g., A.B. v. Florida Dep't of Children and Family Services, 901 So.2d 324 (Fla. App. 2005). The plaintiff does not state in his complaint whether he appealed the challenged decision; he states only that his claims and allegations are "a matter of documented record" (Doc. 21-2, p. 25).

have discretion to dismiss pro se complaints if they lack an arguable basis either in fact or in law")).

Respectfully submitted,

THOMAS G. WILSON

DATED: OCTOBER 8 , 2010   UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. 636(b)(1).