UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL L. ST. GERMAIN,

Plaintiff,

vs.                                          Case No. 8:10-CV-1194-T-27TGW

DAVID GEE, HILLSBOROUGH
COUNTY SHERIFF, et al.,

Defendants.
_____/

ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that the Amended Complaint be dismissed (Dkt. 26). Plaintiff Daniel St. Germain has filed objections to the Report and Recommendation (Dkt. 30).

After careful consideration of Report and Recommendation and Plaintiff's objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved. The Court agrees with the Magistrate Judge that (i) the Court lacks subject matter jurisdiction over the claims in the Amended Complaint (Dkt. 12) relating to a state court child custody decision and (ii) to the extent Plaintiff's claims relate to an ongoing dependency proceeding, abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

Before the Magistrate Judge issued his report, Plaintiff filed without leave of Court a Second

1

Amended Complaint (Dkt. 22[1]).  Besides asserting new claims, the Second Amended Complaint includes new allegations relevant to Plaintiff's contention in his objections that one of the conditions for *Younger* abstention is not present here.

A federal court should not abstain under *Younger* if a plaintiff demonstrates that no adequate opportunity exists to assert his constitutional challenges in ongoing state court proceedings.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Moore v. Sims*, 442 U.S. 415, 425-26 (1979).  However, "[a] federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987); *see also Moore*, 442 U.S. at 425 ("[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims.).

The Second Amended Complaint alleges that (a) Plaintiff personally participated in 2009 in dependency proceedings that resulted in an adjudication of dependency as to his child, C.S, and the child's placement with Samantha Samra, the child's maternal aunt; (b) Plaintiff continued to participate in the dependency proceeding until the family's "reunification" in December, 2009; (c) in February, 2010, Plaintiff was arrested for driving with a suspended license and, after being sentenced and released, he was again arrested on April 9, 2010 in connection with outstanding

---

[1] The Clerk is directed to amend the docket to show that Docket item No. 22 is a second amended complaint. Although signed by Plaintiff only, the Second Amended Complaint purports to be filed also on behalf of Plaintiff's minor daughter, C.S., and his wife, Sherry Noel St. Germain. A pleading or other paper filed in this Court must be signed by each *pro se* party on whose behalf it is filed. *See* Fed R. Civ. P. 11(a). Plaintiff is entitled to proceed *pro se*, 28 U.S.C. § 1654, and Fed. R. Civ. P. 17(c) authorizes a conservator or guardian to sue on behalf of a minor child. However, as a non-lawyer, Plaintiff has no right to litigate an action in the child's name. *See Devine v. Indian River Cty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Whitehurst v. Wal-Mart*, 306 F. App'x. 446, 449 (11th Cir. 2008); *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005). As a non-attorney, Plaintiff may not represent his wife either. *See* Local Rule 2.01(a).

Massachusetts warrants relating to charges of intimidation of a witness and violation of a restraining order; (d) on the day of his second arrest, Plaintiff spoke with Defendant Lisa Baker, a case worker or case manager for Defendant Hillsborough Kids, Inc. ("HKI"), and explained to her that he had made arrangements for the child to be cared for by Samra[2] until his return from Massachusetts; and (e) Plaintiff was extradited ten days later to Massachusetts. *See* Dkt. 22 ¶¶ 1-49.[3]

Plaintiff's account of what happened next is difficult to decipher. Apparently, a motion hearing was held in the child's dependency case on or about April 20, 2010 that resulted in the child's placement with Samra. *See id.* ¶ 54 and p. 2. Plaintiff alleges that HKI and Defendant Florida Department of Child and Families ("DCF") failed to serve the motion on him, claimed ignorance of his whereabouts at the hearing, have continued to pretend ignorance of his whereabouts,[4] and have failed to serve on him any papers or orders in the dependency proceeding. *See id.* ¶¶ 53-54; *id.* at pp. 2, 7, 21, 39-40; *see also* Dkt. 16 at 1; 19 at 1, 9, 19; Dkt. 21 at 2; Dkt. 28 at 4, 7.

---

[2] The mother apparently did not have custody at the time. *See* Dkt. 12 ¶ 61 ("The mother was still on visitation status with the state in April 2010 . . . .").

[3] In the Amended Complaint, Plaintiff stated that he was then in the Worcester County jail in West Boylston, Massachusetts, and that he anticipated a resolution of his legal problems there (meaning, presumably, his release from custody) in September, 2010. (Dkt. 12 ¶ 62). However, as Plaintiff's filings continued to be addressed from the same West Boylston address until November, 2010, he was evidently not released in September. (On November 11, 2010, Plaintiff filed a notice of change of address (Dkt. 33) to a Shrewsbury, Massachusetts address.). Plaintiff's filings include an August 9, 2010 motion to dismiss a petition for relief under 28 U.S.C. § 2254 filed by Plaintiff in the U.S. District Court for the District of Massachusetts. (Dkt. 16-1 at 2-15). Apparently, Plaintiff was or is also being held in Massachusetts in connection with an armed robbery charge. *See St. Germain v. Guy Glodis, et al.,* No. 4:10-CV-40158-FDS (Dist. Mass.), Dkt. 1 ¶¶ 1-3; *St. Germain v. Massachusetts et al.,* No. 4:10-CV-40150-FDS (Dist. Mass.), Dkt. 1 ¶¶ 2, 19-26.

[4] *But see* Dkt. 5 at 13; Dkt. 28 at 5 (letter dated June 17, 2010 from Baker to Plaintiff informing him that the child's "placement was modified back to the maternal aunt Samantha Samra . . . . on 4/21/2010. The mother was evicted from her home; this motion was granted in the best interest of the child at the present time. Mrs. Germain continues to work towards of [sic] reunification [as to the child]. Please send me a number or your classification officer for contact purposes."

The Second Amended Complaint further alleges that, since April, 2010, although he has had some communication with Samra (who still has custody of the child, but whose custody Plaintiff no longer approves[5]) and the child herself, Plaintiff has sought without success the case number of the dependency proceeding. See *id.* ¶¶ 53-56 and pp. 2, 7. Plaintiff alleges that Baker failed to respond to his request for information and that the state court clerk "could not assist [him] and returned [his] request seeking the case number." *Id.* ¶ 55.

Plaintiff does not allege facts showing that he lacked an opportunity to pursue his constitutional claims in the dependency proceeding. Plaintiff does not allege that Florida procedural law prevents the interposition of such claims. If true, Plaintiff's allegation that the state court clerk refused to inform him of the case number is puzzling, as is HKI's claim (Dkt. 25 at 1) that it has been unable to contact Plaintiff. However, Plaintiff fails to explain why his ignorance of the case number prevented him from filing an application for relief in the dependency proceeding. Nor does he allege any rejection by the state court of papers he attempted to file in that proceeding or any attempt to seek relief for such a rejection in the Florida trial or appellate courts. In sum, Plaintiff's new allegations do not affect the Magistrate Judge's conclusion that abstention under *Younger* is warranted. Plaintiffs's objections are overruled.

Finally, to the extent the Second Amended Complaint purports to state a claim against Hillsborough County Sheriff David Gee based on Plaintiff's allegedly unlawful extradition, the claim is due to be dismissed without prejudice because (a) Plaintiff failed to obtain leave to amend and add the new claim, (b) the claim is essentially unrelated to the other claims in this action, and (c) the

---

[5] In the Amended Complaint, Plaintiff sought an order directing that the child be given to the full custody of either the mother or Samra. (Dkt. 12 ¶ 64). However, Plaintiff names Samra as a Defendant in his Second Amended Complaint and alleges that she was acting in concert with HKI and DCF to impede his access to the child and the dependency case. *See* Dkt. 22 at 22 (Count V); *see also* Dkt. 28 at 8.

4

claim appears to be pending in another case in the District of Massachusetts. *See St. Germain v. Massachusetts et al.*, No. 4:10-CV-40150-FDS (Count II).

Accordingly, it is **ORDERED**:

1)     The Magistrate Judge's Report and Recommendation (Dkt. 26) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2)   The Amended Complaint (Dkt. 12) and Second Amended Complaint (Dkt. 22) are **DISMISSED**.

3)   Plaintiff's Motion to Proceed in Forma Pauperis (Dkt. 21) is **DENIED**.

4)   Plaintiff's Consolidated Motion to Serve Unresponsive Defendants and to Order DCF to Disclose All Motions and Orders Filed in the State to Take His Child (Dkt. 19), Motion to Rule on the Pending Motion and Affidavit to Proceed Without Cost or Payment (Dkt. 23), and Motion to Strike HKI Misstated Facts (Dkt. 28) are **DENIED** as moot.

5)   Defendant HKI's Motion for Extension of Time to Respond to Plaintiff's Complaint (Dkt. 25) is **DENIED** as moot.

6)     The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in chambers this 22ᵈ day of December, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: counsel of record; *pro se* plaintiff